Lanausse v Daval Tr., Inc. (2021 NY Slip Op 05168)





Lanausse v Daval Tr., Inc.


2021 NY Slip Op 05168


Decided on September 30, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 30, 2021

Before: Manzanet-Daniels, J.P., Kern, Oing, Rodriguez, Higgitt, JJ. 


Index No. 24677/13E Appeal No. 14249 Case No. 2020-04531 

[*1]Jennifer Lanausse et al., Plaintiffs-Appellants,
v
Daval Transit, Inc., et al., Defendants-Respondents.


Grant & Longworth, LLP, Dobbs Ferry (Andrew C. Chan of counsel), for appellants.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Brooklyn (Rory Mulholland of counsel), for respondents.



Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered on or about May 4, 2020, which granted the motion of nonparties Gerber & Gerber, PLLC, and Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP to vacate a default judgment entered against them, for lack of jurisdiction and in the interests of justice, and denied plaintiffs' cross motion for attorneys' fees, sanctions, costs, and disbursements, unanimously affirmed, with costs.
The motion court properly granted defense counsel's motion. The record shows that Gerber & Gerber and Abrams Fensterman were served with plaintiffs' order to show cause as the attorneys of record and not as defendants in the personal injury action. Additionally, the caption of the order to show cause only lists the original defendants, without naming Abrams Fensterman or Gerber & Gerber. Although plaintiffs contend that Abrams Fensterman was fully aware of plaintiffs' efforts to secure a judgment against the firm and still participated in the oral arguments on their order to show cause, and even acknowledged its own wrongdoing, this assertion is not supported by the record. Furthermore, there is no indication in the record that defense counsel ever agreed, let alone insisted, on being a guarantor of its clients' payments in exchange for the release to include the "hold harmless" language.
We have reviewed plaintiffs' remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 30, 2021